**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**
MAR 19 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| CAROLYN LANDON, | |
| Plaintiff, | |
| v. | No. 12-4212C |
| UNITED STATES, | Filed: March 19, 2015 |
| Defendant. | |

## ORDER

    Plaintiff is one of twelve current or former employees of the United States Department of Agriculture, Forest Service, employed in the Los Padres National Forest in California, who filed a complaint on January 19, 2012, to recover $2,500,000.00 in damages. The complaint brought by these plaintiffs was filed in the United States District Court for the Central District of California on behalf of the plaintiffs by counsel. Subsequently, however, plaintiffs filed a stipulation of dismissal in that court, and the District Court dismissed the complaint, without prejudice. See Casey D. Allen, et al., v. Ed Schafer, et al., No. 08-8391 (C.D. Cal. Dec. 8, 2009). When plaintiffs filed their complaint in the United States Court of Federal Claims on January 19, 2012, they were represented by different counsel. Plaintiffs' original attorney of record in this court was Michael D. Daniels. Subsequently, Bennett Rolfe, who was one of the original attorneys in the District Court case, replaced Mr. Daniels as plaintiffs' counsel. After Mr. Rolfe passed away, certain plaintiffs filed motions to represent themselves pro se, which the court granted, continuing their cases pursuant to the initial complaint filed by the plaintiffs in this court.

    On October 7, 2013, the court consolidated plaintiff's case with the eleven other pro se plaintiffs. After consolation, the defendant filed a motion to dismiss count two in plaintiffs' complaint, plaintiffs' breach of contract claims. On January 22, 2015, this court issued an opinion in the above captioned cases dismissing count two in plaintiffs' complaint, plaintiffs' breach of contract claims. On February 4, 2015, the court issued an order instructing:

> each plaintiff shall file with the court, and send copies to the defendant, a notice indicating whether or not each such individual wishes to proceed with count one of their complaint, the Fifth Amendment takings claims. The notice shall be filed on or before **Friday, February 20, 2015**. Plaintiffs may consult private counsel or continue to proceed pro se, which is currently their status in the cases filed in this court. Plaintiffs also may

confer with counsel of record for the defendant prior to filing their notice of whether or not they intend to proceed with their case. Although this court order requires either a positive or negative notice of intent to proceed to be filed by each plaintiff, failure to file in a timely manner will be understood by the court as indication that the individual does not wish to proceed and that the plaintiff's case should be dismissed.

For Ms. Landon, the court's Order was returned as undeliverable. The Clerk's Office, thereafter, sent the Order to Ms. Landon's current address. The court noted, however, it is the obligation of the plaintiff, not the court, to keep plaintiff's information current. Although Ms. Landon failed to respond by February 20, 2015, in the court's March 2, 2015 Order, the court gave plaintiff another opportunity to indicate if she wished to proceed. As indicated in the March 2, 2015 Order.

As Ms. Landon did not receive a copy of the February 4, 2015, on or before **Tuesday, March 17, 2015**, Ms. Landon may file a notice of whether or not she intend to proceed with her case. Failure to file by March 17, 2015 will be understood by the court as indication that Ms. Landon does not wish to proceed and that her case should be dismissed.

As of March 19, 2015, plaintiff has not filed a notice with the court. Therefore, plaintiff's claims are **DISMISSED**, with prejudice. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**